UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EPIGMENIO MELECIO (M12640), )<br>)<br>      Petitioner, )<br>)<br>  v. )<br>)<br>CHERRYLE HINTHORNE,[1] Warden, )<br>Illinois River Correctional Center, )<br>)<br>      Respondent. ) | No. 19 C 50280<br><br>Judge Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

Petitioner, Epigmenio Melecio, currently incarcerated at Illinois River Correctional Center, is serving a thirty-five year sentence for murder. Melecio has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Melecio acknowledges in his reply that he has not sufficiently presented his claim that his extradition from Mexico constituted a denial of due process and it does not appear that Melecio could obtain habeas relief based on his extradition had he properly presented this claim. The Court finds that with regard to the remainder of Melecio's claims, he has either procedurally defaulted them or the claims are not cognizable on federal habeas review. Thus, the Court denies Melecio's petition for a writ of habeas corpus.

## BACKGROUND

The Court presumes that the state court's factual determinations are correct for the purpose of habeas review because Melecio has not pointed to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002).

---

[1] The Court substitutes Cherryle Hinthorne, presently the warden at Illinois River Correctional Center, as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court thus adopts the state court's recitation of the facts and begins by summarizing the facts relevant to Melecio's habeas petition.

In March 1981, Melecio was charged with murder in the Circuit Court of Winnebago County. The court released him on bond on June 12, 1981, and he stopped appearing in court by September 1981. Thereafter, the State sought to try Melecio *in absentia*.[2] In response, Melecio's counsel moved to dismiss the charge, arguing that Melecio was not mentally competent to stand trial and that the State had not shown that Melecio was willfully avoiding trial. Melecio's counsel represented that Melecio was receiving psychiatric treatment in Mexico at the time. After determining that Melecio was competent to stand trial,[3] the court granted the State's motion for a trial *in absentia* in June 1982 and denied Melecio's motion to dismiss in July 1982. The case proceeded to a jury trial in September 1982, at the end of which the jury found Melecio guilty *in absentia*. Melecio's counsel moved to vacate the verdict, arguing that Melecio did not have the mental capacity to willfully avoid trial. The court denied the motion, concluding that Melecio knew of the trial date but willfully remained in Mexico, and that the State had unsuccessfully attempted extradition. The court sentenced Melecio to thirty-five years in jail. In reaching this sentence, the court addressed the aggravating and mitigating statutory factors, stressing that Melecio repeatedly stabbed an unarmed, peaceable victim. Melecio filed two appeals, both of which were later dismissed.

---

[2] Section 115-4.1(a) of the Illinois Code of Criminal Procedure provides: "When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant." 725 Ill. Comp. Stat. 5/115-4.1(a).

[3] Although Melecio repeatedly challenges the trial court's determination that he was competent to stand trial, he has not provided the required clear and convincing evidence to the contrary. *See Todd*, 283 F.3d at 846.

In November 2008, Mexican authorities arrested Melecio after he applied for a visa to work in the United States. In April 2010, Melecio appeared in the Circuit Court of Winnebago County and moved to vacate the verdict and sentence.[4] Melecio contended that he had not been advised that he could be tried and sentenced *in absentia*. Melecio also sought an evidentiary hearing under 725 Ill. Comp. Stat. 5/115-4.1(e)[5] on whether his absence from trial was without fault and due to circumstances beyond his control. The court denied Melecio's motion, thereby reaffirming that his absence from trial was willful and voluntary, and declined to hold a hearing. Melecio appealed the court's order. Because § 115-4.1(e) entitles a defendant to an evidentiary hearing, the Illinois Appellate Court reversed and remanded for a hearing under that section.[6]

On remand, Melecio testified through an interpreter. Melecio indicated that he knew that he had a murder case pending against him and that he had to appear for every court date as a condition of his bond. Melecio claimed, however, that he did not understand everything happening in court, particularly in instances where he did not have an interpreter. Melecio further testified that, in October 1981, his retained counsel, Genaro Lara, took him to the airport and ordered him to return to Mexico. Lara was capable of communicating with Melecio in Spanish. Melecio claimed he did not want to leave the United States but that he was not in a good mental state. Around the time of his departure, Melecio claims he was not sleeping and

---

[4] The record before the Court does not indicate what happened between Melecio's arrest in Mexico and his appearance in the United States.

[5] "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." 725 Ill. Comp. Stat. 5/115-4.1(e).

[6] The appellate court also modified the mittimus to reflect that Melecio was entitled to credit against his prison term for the 1,160 days he already spent in custody.

was communicating with voices he was hearing. According to Melecio, Lara represented that he had taken care of everything and would "fix the problem." Doc. 17-6 at 3. Melecio later acknowledged that he did not tell anyone he left the United States against his will.

Melecio also testified that, while in Mexico, he lived on his parents' farm, sought psychiatric treatment, and spent time in an inpatient facility. The trial court noted the absence of evidence supporting Melecio's claims regarding psychiatric treatment and his inability to return to the United States for trial. Defense counsel unsuccessfully attempted to contact medical professionals who treated Melecio in Mexico. Defense counsel did speak to Melecio's family members, but Melecio's family also could not verify his treatment. The trial court did not hear from Lara, despite the State expressing some interest in locating him. After hearing Melecio's testimony, the court found no evidence to corroborate Melecio's claims about his mental state and denied his motion to vacate. The court also did not find Melecio's testimony that Lara sent him to Mexico against his will credible.

Melecio again appealed the court's denial of his motion to vacate, arguing that he met the criteria for a new trial set forth in § 115-4.1(e). He also argued that the court improperly used a factor inherent in the offense in aggravation at sentencing, specifically, that the court made reference to the fact that Melecio inflicted serious bodily harm to another as part of a murder. The Illinois Appellate Court affirmed the trial court's decision, finding that the trial court did not abuse its discretion in rejecting the motion to vacate and that Melecio was not entitled to a new sentencing hearing. Melecio then raised the same two arguments in a petition for leave to appeal ("PLA") to the Illinois Supreme Court. Melecio's PLA also made a single reference to the Fourteenth Amendment. The Illinois Supreme Court denied Melecio's PLA on November 28, 2018. Melecio then filed the present habeas petition on September 27, 2019.

**LEGAL STANDARD**

A habeas petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See id.* at 407. The Court uses an objective standard to determine whether a state court's application of Supreme Court precedent is unreasonable. *Id.* at 409; *Winston v. Boatwright*, 649 F.3d 618, 624 (7th Cir. 2011).

**ANALYSIS**

Melecio claims in his habeas petition that he was denied due process because: (1) he was tried and sentenced *in absentia*, and the state court abused its discretion in denying his motion to vacate given that his failure to appear at trial was due to circumstances beyond his control; (2) the sentencing court used a factor inherent in the offense in sentencing him to thirty-five years in prison; and (3) his extradition from Mexico did not comply with treaty obligations. Melecio also claims that the cumulative errors discussed in Claims 1-3 amount to a denial of due process.[7] Although Claim 1 is cognizable on federal habeas review, Melecio procedurally

---

[7] In his reply brief, Melecio raises an additional due process claim, contending that the trial court violated

defaulted that claim. Claim 2 is not cognizable on federal habeas review. Melecio acknowledges that he has not sufficiently provided a basis to obtain relief under Claim 3, and the Court also cannot conceive of a meritorious basis for that claim given the facts it has before it. And having found no single denial of due process, this Court need not consider Melecio's claim of cumulative deprivation of due process.

## I. Denial of Due Process Due to Trial *In Absentia* (Claim 1)

### A. Cognizable Nature of Claim 1

Melecio first claims that his trial *in absentia* violated his Fourteenth Amendment due process rights because his absence was without fault and due to circumstances beyond his control. Respondent argues that this claim is not cognizable. "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Federal courts may not "reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), meaning that "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Instead, to be cognizable, a claim must raise a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Respondent characterizes Claim 1 as a challenge to the state court's decision to deny Melecio's motion to vacate. Under Respondent's interpretation of Melecio's claim, he has not presented an issue cognizable on federal habeas review. *See Lechner v. Frank*, 341 F.3d 635,

---

his due process rights because it did not order an examination to determine his competency to stand trial. This Court will not address this claim because "arguments raised for the first time in a reply brief are waived." *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). Even if the Court did consider this new claim, the Court would find Melecio procedurally defaulted it. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (requiring a petitioner to present claims through one complete round of state court review to avoid procedural default).

642 (7th Cir. 2003) ("Federal habeas corpus relief does not lie for errors of state law[.]"). But in his habeas petition, Melecio does not solely present his argument as one of state law but instead also frames it as a Fourteenth Amendment due process violation. A defendant in criminal proceedings maintains the constitutional right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Fourteenth Amendment makes this constitutional guarantee a requirement of state proceedings.[8] *See Pointer v. Texas*, 380 U.S. 400, 407 (1965); *Rhodes v. Dittmann*, 903 F.3d 646, 656 (7th Cir. 2018). The Fourteenth Amendment further requires that, for due process to be maintained, a defendant must be present at their trial "to the extent that a fair and just hearing would be thwarted by his absence." *Benabe*, 654 F.3d at 768 (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). Thus, the Court finds Claim 1 cognizable on federal habeas review.

  **B.**  **Procedural Default of Claim 1**

Respondent alternatively argues that, even if the Court were to recognize Claim 1 as a valid claim on federal habeas review, Melecio has procedurally defaulted that claim because he did not fully and fairly present it through one complete round of state court review. To avoid procedural default, a petitioner "must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984); *United States ex rel. Banks v. Atchison*, 839 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012). This requires the petitioner to present his claim "in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." *Sullivan*, 731 F.2d at 453. This can be done, "for example, by citing in

---

[8] When a defendant's absence from trial is voluntary, the defendant has waived the constitutional confrontation right. *See Taylor v. United States*, 414 U.S. 17, 18–20 (1973); *United States v. Benabe*, 654 F.3d 753, 768 (7th Cir. 2011).

conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In determining whether a petitioner has sufficiently alerted the state courts to the constitutional nature of his claims, the Court looks to whether the petitioner "(1) relied on relevant federal cases applying constitutional analysis; (2) relied on state cases applying federal constitutional analysis to a similar factual situation; (3) asserted the claim in terms so particular as to call to mind a specific constitutional right; and (4) alleged a pattern of facts that is well within the mainstream of federal constitutional litigation." *White v. Gaetz*, 588 F.3d 1135, 1139 (7th Cir. 2009).

Although Melecio argued in his state court proceedings that his due process rights had been violated under § 115-4.1, he did not invoke any federal basis for this argument until his PLA. In his PLA, Melecio made a single mention of the Fourteenth Amendment. Even construing Melecio's *pro se* pleadings liberally, *Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010), this single passing reference in his PLA does not suffice to preserve the issue for federal review, *see Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001) ("The petitioner must have placed both the operative facts and the controlling legal principles before the state courts. A mere 'passing reference' to a constitutional issue certainly does not suffice." (citation omitted)). Indeed, throughout the state court proceedings, Melecio focused his due process claim regarding his trial *in absentia* on his alleged failure to receive the statutorily mandated due process under § 115-4.1. Melecio then cited Illinois precedent discussing the procedural requirements of this Illinois statute, further undermining any argument that he fairly presented the federal nature of his claim to the state courts. *See Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) ("[T]he fact that Wilson relied upon state cases which engaged in a non-constitutional

8

analysis based solely on state law principles belies the notion that the Illinois appellate court should have understood that Wilson was invoking his rights under the U.S. constitution"). Although Melecio raised a "somewhat similar state-law claim" throughout his state court proceedings, because he did not clarify that a federal basis also exists for that claim, he procedurally defaulted Claim 1. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

      Petitioners may nonetheless pursue a procedurally defaulted claim if they can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999). Prejudice exists where the petitioner shows that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The fundamental miscarriage of justice exception is "limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). This requires new, reliable evidence of the petitioner's innocence in light of which "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

      Melecio has not provided any basis for this Court to find cause or prejudice to excuse his procedural default nor has any new evidence come to light to suggest Melecio's actual

innocence. Therefore, the Court need not consider this claim on the merits.[9] *See Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008).

## II.     Denial of Due Process Due to "Double Enhancement" at Sentencing (Claim 2)

The Court next turns to Melecio's claim that he was denied due process when the sentencing court used a factor inherent in the offense in sentencing him to thirty-five years in prison. As with Claim 1, Respondent argues that the Court cannot recognize this claim on federal habeas review. The Court agrees with Respondent that it cannot consider Melecio's claim that the sentencing court imposed a "double enhancement." As already discussed, Melecio cannot obtain federal habeas corpus relief through a challenge to the state courts' interpretation of state law. *See Thompson v. Harrington*, No. 09 C 07913, 2013 WL 5663460, at *5–6 (N.D. Ill. Oct. 17, 2013) (claims challenging the statutory basis for double enhancement, as interpreted by state courts, are not cognizable on federal habeas review). Melecio's contention that the trial court improperly applied state sentencing rules does not implicate federal law and, thus, does not present a cognizable federal habeas claim. *See Dellinger*, 301 F.3d at 764 ("[A]n error in . . . the application of state sentencing rules[ ] does not present a cognizable claim for federal habeas relief."); *Hughes v. Pfister*, No. 17 C 2171, 2019 WL 3825500, at *5 (N.D. Ill. Aug. 15, 2019) (prohibition on "double enhancement" is "a creature of Illinois law").

---

[9] Even if the Court could reach the merits of Melecio's claim, he would not prevail. The state trial court's determination that Melecio was voluntarily absent from trial is "a finding of fact and entitled to a presumption of correctness in federal habeas corpus proceedings." *United States ex. rel. Koger v. Barnett*, No. 97 C 3355, 1999 WL 59838, at *3 (N.D. Ill. Jan. 22, 1999) (quoting *Smith v. Farley*, 873 F. Supp. 1199, 1223 (N.D. Ind. 1994)). Melecio has failed to provide sufficient evidence to overcome this presumption of correctness. And because federal law recognizes that a defendant may voluntarily waive his right to attend trial, Melecio cannot demonstrate that the state court's conclusion was contrary to or an unreasonable application of federal law. *See Taylor*, 414 U.S. at 18–20 (1973); *Benabe*, 654 F.3d at 768.

### III. Denial of Due Process Due to Extradition (Claim 3)

In Claim 3, Melecio generally raises due process issues associated with his extradition from Mexico to the United States. The claim inconsistently alleges that he was abducted from Mexico, that he was extradited from Mexico, and that he was not extradited from Mexico.[10] Respondent filed a motion for a more definite statement with respect to this claim, arguing that Claim 3 was "so ambiguous that respondent cannot reasonably prepare a response." Doc. 10 at 1; *see* Rule 2(c) of the Rules Governing Section 2254 Cases (habeas petitions must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[M]ere notice pleading is not sufficient in the habeas corpus context."). The Court granted this motion and ordered Melecio to file an amended Claim 3 by February 14, 2020. Doc 15. Melecio did not comply with the Court's order. In his reply, Melecio represents that he cannot obtain documentation necessary to support his extradition claim. Although he maintains that his claim has merit, due to the lack of evidence, he agrees to dismissal of Claim 3.

Although the Court dismisses Claim 3 for failure to comply with Rule 2(c), the Court also briefly notes that Melecio's claim that he was denied due process because his extradition from Mexico did not comply with the treaty obligations imposed by the Extradition Treaty does not appear viable. Initially, a determination that an individual was brought into the jurisdiction of a court via abduction does not itself establish a violation of due process. *See Ker v. Illinois*, 119 U.S. 436, 444 (1886) (the ability of a court to conduct a criminal trial is not impaired by the fact

---

[10] The Extradition Treaty Between the United States of America and the United Mexican States (the "Extradition Treaty") authorizes the return of individuals charged with or convicted of an "extraditable offense." Extradition Treaty Between the United States of America and the United Mexican States, Mex.-U.S., art. 1, May 4, 1978, 31 U.S.T. 5059. The treaty provides that murder is of this type. *Id.* at app. Given Melecio's inconsistent pleading, however, the Court only notes that the Extradition Treaty clearly provides a basis for extradition in his case.

that the individual was brought into the court's jurisdiction via a forcible abduction). Furthermore, the Supreme Court has held that an abduction does not violate the Extradition Treaty because to "infer from [the Extradition] Treaty and its terms that it prohibits all means of gaining the presence of an individual outside of its terms goes beyond established precedent and practice." *United States v. Alvarez-Machain*, 504 U.S. 655, 668–69 (1992).

Alternatively, to the extent Melecio claims that his extradition deprived him of due process, that claim would also fail. Relevant to this point, Melecio states that he was undergoing a legal procedure in Mexico and planning to accept a seven-year plea deal when he was extradited to the United States. Extradition processes are governed by a combination of 18 U.S.C. § 3184 and the specific extradition agreement between the relevant countries. *In re Salas*, 161 F. Supp. 2d 915, 928 (N.D. Ill. 2001). The Extradition Treaty explicitly addresses Melecio's claim of *non bis in idem*,[11] providing that "[e]xtradition shall not be granted when the person sought has been prosecuted or has been tried and convicted or acquitted by the requested Party for the offense for which extradition is requested." Extradition Treaty, art. 6. The use of past tense language in this treaty provision indicates that a defendant does not have a defense solely because criminal proceedings commenced in Mexico. *In re Zhenly Ye Gon*, 613 F. Supp. 2d 92, 96 (D.D.C. 2009). Melecio has not claimed that he was "tried and convicted or acquitted" for the offense forming the basis of an extradition request in Mexico. Extradition Treaty, art. 6.

---

[11] This term is "analogous to our constitutional prohibition on double jeopardy," and "it prevents a fugitive from being tried for the same offense in two different countries." *Zhenli Ye Gon v. Holt*, 774 F.3d 207, 211 (4th Cir. 2014).

Additionally, Melecio has not alleged that the Mexican proceeding was for the same criminal acts that formed the basis of his conviction in the United States.[12]

As for the timing of his extradition, the Extradition Treaty states that the requested party "may defer the surrender of the person sought when that person is being proceeded against or is serving a sentence in the territory of the requested Party for a different offense, until the conclusion of the proceeding." Extradition Treaty, art. 15. "This language is explicitly permissive and discretionary, and confers no rights or obligations of any kind on the extraditing country, let alone on the courts of the requesting country." *United States v. Salinas Doria*, No. 01 Cr. 21(GEL), 2008 WL 4684229, at *6 (S.D.N.Y. Oct. 21, 2008). Even if Melecio's extradition occurred during the pendency of Mexican criminal proceedings, the Extradition Treaty allows for the Mexican government's decision not to defer the extradition of Melecio until the conclusion of any proceedings in Mexico. For these reasons, even if Melecio had properly presented Claim 3, the Court doubts that Melecio could obtain habeas relief based on the extradition process.

## IV. Cumulative Error (Claim 4)

Finally, Melecio argues that the Court should consider the cumulative effect of the aforementioned errors in deciding whether he was denied due process. Respondent argues that he procedurally defaulted this cumulative error claim because he did not raise it in state court. A petitioner must fairly present his claims through one complete round of state court review, either on direct appeal or in post-conviction proceedings to avoid procedural default. *See O'Sullivan*,

---

[12] Melecio fails to claim that his prosecution in Mexico and his prosecution in Illinois would constitute a violation of double jeopardy had they been carried out by a singular government. For this reason, the Court declines to conduct an analysis in accordance with *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (differentiating offenses for double jeopardy purposes when "[e]ach of the offenses created requires proof of a different element" or "proof of a fact which the other does not").

526 U.S. at 848; *Lewis*, 390 F.3d at 1025. In Illinois, this means appeals up to and including the filing of a PLA to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 845–46; *Duncan v. Hathaway*, 740 F. Supp. 2d 940, 945 (N.D. Ill. 2010). When a petitioner has failed to present his federal claim to the state courts and the opportunity to raise that claim has subsequently passed, the petitioner has procedurally defaulted the claim and it is not available for federal habeas review. *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009). Melecio concedes in his petition that he did not raise this cumulative error claim as part of any state court proceeding. For this reason, Melecio has procedurally defaulted his cumulative error claim. And because he has not presented a basis to excuse the default, the Court cannot address this claim.[13] *See Crockett*, 542 F.3d at 1193.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither

---

[13] Even if Melecio had not procedurally defaulted this claim, he would have to establish at least two errors that, considered together, denied him a fundamentally fair trial to obtain relief on his cumulative error claim. *See Alvarez v. Boyd*, 225 F.3d 820, 824–25 (7th Cir. 2000).

14

requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Melecio's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

Dated: December 7, 2020

_____
IAIN D. JOHNSTON
United States District Judge